UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK DEON LOVETT,

    Plaintiff,

v.                                            Case No. 8:24-cv-574-WFJ-NHA

DONALD ROBERT LEWIS, *et al.*,

    Defendants.
_____/

## ORDER

Kendrick Deon Lovett, a pretrial detainee at the Hernando County Detention Center, initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a motion to proceed *in forma pauperis*, (Doc. 3). Mr. Lovett alleges that on December 20, 2023, law enforcement pulled him over in Hernando County because his "passenger head light [was] blown out." (Doc. 1 at 7). Deputies asked for identification. (*Id.*) Mr. Lovett responded, "The proof of identity will be sovereign documents and a Florida identification card." (*Id.*) Law enforcement eventually searched the vehicle and found a firearm in a briefcase "under the passenger seat." (*Id.* at 7-8). Mr. Lovett was charged with possession of a firearm by a felon and resisting arrest without violence, among other offenses. (*Id.* at 8).

During a subsequent court hearing, Mr. Lovett informed the presiding judge (the Honorable Stephen E. Toner) that the court lacked jurisdiction over him because he was an "American State National" and thus immune from prosecution under the Foreign Sovereign

Immunities Act ("FSIA"). (*Id.* at 8-17). Judge Toner rejected this argument, explaining that he did not "see [Mr. Lovett] as an American State National" and would "not acknowledge the immunity." (*Id.* at 17, 22).

Mr. Lovett sues three defendants: Judge Toner, state prosecutor Donald Roberts Lewis, and an "unknown female state prosecutor assistant." (*Id.* at 3-4). According to Mr. Lovett, Judge Toner violated his rights by refusing to "acknowledge" his sovereign immunity. (*Id.* at 5). Likewise, Mr. Lovett claims that Mr. Lewis "violated the FSIA" by "filing an information when exemption from immunity [did not] exist." (*Id.*) As relief, Mr. Lovett seeks $150,000 in damages and an injunction ordering the defendants to "clear [his] county jail debt" and "drop the actions against" him. (*Id.* at 6).

Upon careful review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed as frivolous. First, Judge Toner is entitled to absolute judicial immunity from money damages. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). This immunity applies to "judicial acts regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority." *Id.* at 1331. Mr. Lovett claims that Judge Toner erroneously rejected his sovereign-immunity arguments, but such a ruling clearly qualifies as a judicial act. *See, e.g.*, *Jones v. Ogeechee Jud. Cir. Dist. Att'y Off.*, No. 6:22-cv-31, 2022 WL 1817756, at *2 (S.D. Ga. May 11, 2022) (noting that "[d]eciding motions" is a "normal judicial function[] in a case pending before [a] judge"), *adopted by* 2022 WL 1810989 (S.D. Ga. June 1, 2022). Because Judge Toner was engaged in a judicial function and did not act "in the complete absence of all jurisdiction," he is

immune from Mr. Lovett's claim for money damages.[1] *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Likewise, the prosecutors in Mr. Lovett's case are entitled to absolute immunity from money damages. "State prosecutors are entitled to absolute immunity from damages under [§] 1983 for all acts intimately associated with the judicial phase of the criminal process." *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987). Mr. Lovett claims that the prosecution violated his rights by filing charges against him despite his alleged exemption from criminal liability. But prosecutorial immunity extends to "the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Mr. Lovett's request for injunctive relief does not save his lawsuit. "[P]rosecutors are not immune from claims for injunctive relief." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). And in certain limited circumstances, plaintiffs can obtain "declaratory or injunctive relief against a judicial officer under [§] 1983." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). But "[i]n order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at

---

[1] Mr. Lovett also alleges that during the hearing, Judge Toner threatened to "report[] [him] to ICE for applying [for] sovereign immunity." (Doc. 1 at 22). It appears that this alleged comment was made in jest. Even if it were not, Mr. Lovett does not claim that the threat was carried out. Nor is there any basis to conclude that the alleged statement violated Mr. Lovett's constitutional rights. Thus, even if judicial immunity did not apply here, Mr. Lovett fails to state a claim based on Judge Toner's alleged threat. *See Ammons v. Baldwin*, 705 F.2d 1445, 1448 (5th Cir. 1983) (holding that plaintiff failed to state § 1983 claim based on allegation that judge "threatened to harm [him] physically if he opened his mouth or asked further questions").

law." *Bolin*, 225 F.3d at 1242. Mr. Lovett has an "adequate remedy at law" for the injuries allegedly caused by Judge Toner's denial of immunity—he can appeal the adverse ruling at the appropriate time. *See Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) ("[Plaintiff] is ineligible for equitable relief because he had access to the appellate process, a remedy at law, and, thus, his proposed claim for declaratory relief against Judges Schwartz and Goderich would have been futile.").

In any event, the premise underlying Mr. Lovett's claims—namely, that he is immune from criminal prosecution under the FSIA—is false. First, the FSIA applies only to a "foreign state" and its "political subdivisions, agencies, and instrumentalities." *Samantar v. Yousuf*, 560 U.S. 305, 314 (2010). Mr. Lovett is an individual, not a foreign state, and thus the FSIA does not confer immunity on him. *See JMG Realty v. Jackson*, No. 1:18-cv-4239-AT-LTW, 2018 WL 6737710, at *3 (N.D. Ga. Oct. 25, 2018) (finding the FSIA inapplicable because plaintiff was "an individual" and "not a foreign state"), *adopted by* 2018 WL 6715758 (N.D. Ga. Oct. 26, 2018). Second, the Supreme Court recently held that the FSIA "does not provide immunity from criminal prosecution." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 267 (2023). For these reasons, Judge Toner correctly concluded that the FSIA provided no basis to dismiss the charges against Mr. Lovett.

Accordingly, it is **ORDERED** that Mr. Lovett's civil-rights complaint, (Doc. 1), is **DISMISSED as frivolous** under 28 U.S.C. § 1915A. Because any amendment "would be futile," the Court declines to grant Mr. Lovett leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Mr. Lovett's motion to proceed *in forma pauperis*, (Doc. 3),

is **DENIED as moot**. The Clerk is directed to enter judgment against Mr. Lovett and to **CLOSE** this case.

      **DONE** and **ORDERED** in Tampa, Florida, on March 5, 2024.

                                                       **WILLIAM F. JUNG**
                                                       **UNITED STATES DISTRICT JUDGE**